### ADAMS *v.* PECK.

Where a demurrer is waived by the filing of an answer, no errors can be assigned in the appellate court, upon the judgment of the District Court, overruling the demurrer.

An affidavit for a continuance, on the ground of the absence of witnesses, that does not show that any diligence has been used to obtain the testimony of such witnesses, nor any excuse for the want of·such diligence, is insufficient.

Where a motion is made to suppress depositions, on the ground that the party was not allowed time for travel, from the place where the notice was served, to the place where the depositions were to be taken, in addition to the five days' notice allowed by the statute, the party making the motion, must show affirmatively that he is entitled to the additional time allowed for travel.

*Appeal from the Jasper District Court.*

THIS was a suit against husband and wife jointly, for the price of goods, ware and merchandise alleged to have been sold and delivered to them, for the use of their family. A demurrer to the petition was overruled. The defendants then filed their answer, denying any indebtedness to ·plaintiff as charged. A motion to suppress depositions taken by plaintiff, and a motion by defendants for a continuance, were overruled. Judgment for the plaintiff for $238.56. Defendants appeal. The other facts are sufficiently stated in the opinion of the court.

*S. A. Rice & W. B. Sloan*, for the appellants.

No appearance for plaintiff.

STOCKTON, J.—The demurrer was waived by the subse-

quent answer, and no errors can be assigned in this court, upon the judgment of the District Court overruling the same.

The motion for a continuance upon the affidavit of Elizabeth Peck, one of the defendants, was properly overruled. The affidavit does not show that any diligence had been used to obtain, by deposition or otherwise, the testimony of Elias R. Peck, to the facts which it is stated by the affidavit, the defendants could prove by no other person. It appears that the said Peck was unwell, and confined to his bed. This fact may have been known in sufficient time, before the setting of the court, or before the trial, to have enabled the defendants to take his deposition. As no reason or excuse for the failure is shown, there was no sufficient reason for a continuance.

The remaining error assigned, is upon the overruling of the defendant's motion to suppress the depositions of Head and Cook, taken by plaintiff. The motion was based on the alleged insufficiency of the notice. The notice was served on defendants, September 1st, and informed them that the depositions would be taken September 6th, and they were taken on that day. It is claimed by defendants that, in addition to the five days intervening between the 1st and the 6th of the month, computing the time in accordance with the rule prescribed by the Code, (§ 2513,) they were entitled to one day in addition, as the time allowed for travel from the place where the notice was served, to the place where the depositions were to be taken. Code, § 2453. The defendants do not show affirmatively, that they are entitled to the additional day allowed for travel. The depositions were to be taken in Jasper county, where the suit was brought; and although it does not appear that they were to be taken at the seat of justice for the county, yet, on the other hand, it does not appear that any travel was necessary to be made from the place where the defendant lived, or the place where the notice was served, to the place where, according to the notice, the depositions were to be

taken. The duty of showing this, devolved on the defendants, before they could ask the court to suppress the depositions.

Judgment affirmed.